# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re: | **Bankruptcy Case** |
| RON KEMPKERS, | **No. 09-41550-JDP** |
| Debtor. | |

_____

| | |
|---|---|
| R. SAM HOPKINS<br>Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | **Adv. Proceeding**<br>**No. 11-8080-JDP** |
| R & J CUSTOM<br>COUNTERTOPS, LLC, | |
| Defendant. | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Craig W. Christensen, Pocatello, Idaho, Attorney for Defendant.

    Steven L. Taggart, Idaho Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

*Introduction*

In this adversary proceeding, plaintiff R. Sam Hopkins, the chapter 7[1] trustee ("Plaintiff"), seeks to avoid transfers made by Debtor Ronald Kempkers, dba J. R. Construction ("Debtor"), to defendant R & J Custom Countertops, LLC ("Defendant"). Defendant has filed a Motion to Dismiss. Dkt. No. 55.

The Court conducted a hearing concerning the motion[2] on March 27, 2012, and thereafter took the issues under advisement. The Court has now considered the submissions of the parties, the arguments of counsel, as well as the applicable law, and issues the following decision. This Memorandum disposes of the motion. Fed. R. Bankr. P. 7052; 9014.

*Facts and Procedural History*

On October 2, 2009, debtor Ron Kempkers filed a chapter 7

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] There are identical motions made in separate adversary proceedings by other defendants which were heard at the same time. Those motions will be resolved independently.

MEMORANDUM OF DECISION – 2

bankruptcy petition.[3]  Bk. Dkt. No. 1.  The petition indicates that Debtor was doing business as J. R. Construction.  *Id*.  The petition further indicates, in a checked box, that Debtor's debts are "primarily consumer debts, defined in 11 U.S.C. § 101(8) as 'incurred by an individual primarily for a personal, family, or household purpose.'" *Id*.  However, a significant number of the debts listed on Debtor's schedules E and F appear, at first blush, to be business debts.

On September 29, 2011, Plaintiff commenced this adversary proceeding against Defendant and numerous others seeking to avoid allegedly preferential transfers made to them by Debtor.  Dkt. No. 1.  Some of the defendants listed in the original adversary complaint failed to answer, and default judgments were entered against them.  *See* Dkt. Nos. 31, 34, 47 and 49.  Other defendants were dismissed upon notice of Plaintiff.  Dkt. No. 14.  On February 15, 2012, Defendant filed a Motion to Sever, Dkt. No. 53, to which Plaintiff stipulated, Dkt. No. 54.  Only two

---

[3] The parties agreed at the hearing that, in deciding this motion, the Court could consider information contained in Debtor's bankruptcy case, particularly Debtor's petition, schedules and the claims register.

MEMORANDUM OF DECISION – 3

named defendants remain in the instant adversary proceeding.[4]

On February 29, 2012, Defendant filed the motion to dismiss. Dkt. No. 55. A consolidated hearing on the various motions to dismiss filed in a number of the adversary proceedings was held on March 27, 2012. Dkt. No. 72.

### *Analysis and Disposition*

Plaintiff's adversary complaint alleges that, on July 27, and on August 1, 2009, Debtor wrote checks to Defendant in the amount of $2,700 each. Dkt. No. 1, ¶¶ 34-35. Plaintiff alleges that the elements of preference are satisfied as to those transfers, and therefore, he may avoid and recover them for the benefit of the estate pursuant to § 547(b) and § 550(a). *Id*. at ¶¶ 36-41.

Defendant's motion to dismiss is made pursuant to Civil Rule 12(b),

---

[4] Most of the parties were severed from this initial adversary proceeding, 11-8080-JDP, and Plaintiff's claims against them are the subject of separate adversary proceedings. However, in addition to Defendant, one other remaining defendant, who filed an answer and did not seek severance, remains as a party-defendant in the instant action – Quality Door and Millwork, Inc. It has not filed a motion to dismiss.

MEMORANDUM OF DECISION – 4

made applicable in adversary proceedings via Rule 7012.  The motion was made before Defendant filed an Answer in this adversary proceeding, per the rule.  *See* Civil Rule 12(b).  Although Defendant does not specify which subsection of Civil Rule 12(b) provides the basis for his motion to dismiss, it appears that only subsection (6) is applicable.  Civil Rule 12(b)(6) provides that dismissal is appropriate for "failure to state a claim upon which relief may be granted".

Defendant argues Plaintiff's complaint must be dismissed based on § 547(c)(9), which provides that "[t]he trustee may not avoid under this section a transfer – . . . if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850."  Because the amount transferred by Debtor to Defendant totals $5,400, and because of the number and amount of business debts listed in Debtor's schedules, Defendant asserts that Plaintiff's debts "are not primarily consumer debts", and that Plaintiff may not recover the transfers from Defendant.

At the hearing, the Court sought to clarify whether the parties

MEMORANDUM OF DECISION – 5

intended the motion to be resolved under Civil Rule 12, or as one for summary judgment under Civil Rule 56, applicable in adversary proceedings by Rule 7056.[5]  Here, the parties have asked the Court to consider not only their pleadings, but also the petition, schedules and claims register.  Moreover, Plaintiff's counsel submitted an affidavit to which was attached a transcript of a portion of Debtor's Rule 2004 examination.  Dkt. No. 71.  The parties openly referenced the examination transcript during oral argument.  In addition, counsel for Plaintiff stated his belief that the motion must be considered as one for summary judgment.  Finally, and perhaps most importantly, Defendant's counsel indicated that if the Court were inclined to treat its motion as one for summary judgment, he would like the opportunity to supplement the record.

      Here, both parties have asked the Court to consider documents and

---

[5] Civil Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

MEMORANDUM OF DECISION – 6

information outside of the pleadings in deciding whether Plaintiff's action should be dismissed. As a result, the motion is properly considered as one for summary judgment, rather than to dismiss. Because Civil Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," and because Defendant's counsel wishes to supplement the record, the Court concludes that it can not resolve Defendant's motion at this time. As noted by the Ninth Circuit, the "primary vice of unexpected conversion [of a motion to dismiss] to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). Given the substance of the oral arguments before the Court, this would certainly seem to be the case.

Rather than simply deem the pending motion to be one for summary judgment, and give the parties additional time to submit evidence from which the Court may rule, the Court in its discretion opts instead to deny

MEMORANDUM OF DECISION – 7

the motion to dismiss without prejudice, and to allow the parties to start afresh. This approach will permit the parties to engage in any discovery they feel is necessary, as well as to perhaps consider settlement of this modest dispute, without the burden or intimidation of a pending motion. This would also allow the parties to properly brief the issues, should a motion for summary judgment ultimately be filed.[6]

Accordingly, a separate order will be entered.

**Dated: April 16, 2012**

_____
**Honorable Jim D. Pappas
United States Bankruptcy Judge**

---

[6] This approach is appropriate for another reason. It was highly likely, given the sparse record and arguments submitted to the Court, that an unresolved question of material fact remained: are the Defendant's debts primarily consumer debts?

MEMORANDUM OF DECISION – 8